# GLASS KRAKOWER LLP
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
11 PENN PLAZA, 5TH FLOOR
NEW YORK, NY 10001

20 BROADWAY, SUITE 1　　　　　　　　　　　　　　　　　　　　　　　　　　169 SOUTH MAIN STREET, # 321
VALHALLA, NY 10595　　　　　　　　　　　　　　　　　　　　　　　　　　　NEW CITY, NY 10956

212-537-6859
914-831-1386
FAX NO. 845-510-2219

*Bryan D. Glass*　　　　　　　　　E-mail: bg@glasskrakower.com
　　Partner

February 23, 2011

*Via ECF*
Honorable Jack Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

　　　　　　　　　　Re:　　　**Sheryl Abramson v. City of New York, NYCDOE,**
　　　　　　　　　　　　　　　**Denise D'Anna, Annette Beale, and Sharon Izzo**
　　　　　　　　　　　　　　　10 CV 3942 (JBW) (RLM)

Dear Judge Weinstein:

　　　This firm represents Plaintiff Sheryl Abramson in the above-referenced matter. We write to respectfully request that the Court set up a conference and/or an expedited briefing schedule for Plaintiff's request for a stay of a recent retaliatory action taken by Defendants as a result of Plaintiff prosecuting this lawsuit—*i.e.*, Defendants' preferral of Section 3020-a disciplinary charges by the NYCDOE's Teacher Performance Unit against Plaintiff seeking to summarily terminate her employment. There can be little doubt that this sudden preferral of disciplinary charges by the NYCDOE is a retaliatory move for Plaintiff alleging statutory claims of age discrimination and retaliation against Defendants. In the alternative, Plaintiff requests leave to move for summary judgment on the basis that Defendants have retaliated against Plaintiff by seeking immediate termination for exercising her statutory rights by making discrimination and retaliation claims against Defendants.

　　　Plaintiff is a tenured special education teacher of elementary age students with severe multiple disabilities employed by the New York City Department of Education, and has taught with Satisfactory ratings for more than 20 years. She is presently 51 years old. In 2008, Plaintiff suddenly started to receive negative performance reviews regarding her teaching, despite many years of satisfactory service. After taking a leave for restoration of health brought on at least in part by the intense stress of this sudden unwarranted scrutiny of her teaching, Defendant administrators continued to relentlessly harass her upon Plaintiff's return, continuing to write her lessons up as unsatisfactory, imposing impossible lesson planning and other burdensome

1

administrative requirements, and falsely accusing her of corporal punishment. She also was told and/or was suggested to her by Defendant administrators on several occasions to strongly consider quitting, finding another job, or resigning.

Coincident with the negative performance reviews, the NYCDOE was able to substantially change the Section 3020-a disciplinary process in order to effect the removal and termination of tenured so-called "incompetent" teachers. While in the past it was extremely difficult to terminate a senior tenured teacher who the NYCDOE chose to classify as "incompetent" (especially when no prior discipline had ever been imposed against the teacher), starting in September 2010, the NYCDOE created a special disciplinary panel administered by a "Teacher Performance Unit" (TPU), a special set of prosecuting attorneys focused solely on seeking the termination of tenured teachers the NYCDOE chose to classify as incompetent. On this panel were appointed several new hearing officers, with little experience in Section 3020-a arbitration, many of whose livelihood is dependent on the lucrative and steady work obtained as being part of this disciplinary panel. While the United Federation of Teachers has some role in agreeing to this rotating panel of hearing officers, the individual teacher has no say at all in selection of his or her own hearing officer. This TPU unit has proven to be extremely effective since September 2010, achieving termination of at least 13 of 15 senior tenured teachers who proceeded to hearing, and causing dozens of other senior teachers to irrevocably resign their employment in lieu of being terminated. Upon information and belief, in every case, the teacher is offered only two alternatives by the NYCDOE's Teacher Performance Unit: (1) irrevocably resign their employment within the next few months, or (2) take their chances before the hearing officer, which, as noted above, leads to termination in virtually every case.

Based on the above, it is apparent that absent an immediate stay of prosecution of the Section 3020-a disciplinary charges imposed by this Court, Plaintiff now seeks imminent and sudden loss of employment as a result of bringing this lawsuit. In fact, she received the disciplinary Section 3020-a charges from the Teacher Performance Unit on or about February 16 2011, and has been advised that her Section 3020-a disciplinary case will begin no later than March 4, 2011 (see attached notice of charges and letter). If she elects to proceed to hearing (rather than irrevocably resign her employment), she will face approximately 14 hearing days in March and April 2011 (which cannot be adjourned), after which she can expect a decision of likely termination by a hearing officer in June 2011.

This sudden mid-year preferral of disciplinary charges (which is highly unusual given that administration had no issues with her the last several months) comes as a great shock to Ms. Abramson, as Plaintiff was in fact being left alone by DOE administrators since December 2010, and was even asked to do a presentation by administration. It is quite apparent that the imminent depositions of Defendants in this lawsuit triggered the preferral of disciplinary charges against Plaintiff. In fact, on the very same day that Defendants' counsel advised Plaintiff that it would not consider any settlement proposal for the case (after leading Plaintiff to believe that it was seriously being considered for the last few months), Plaintiff received the Section 3020-a disciplinary charges.[1]

---

[1] This is not the first time the DOE has recently engaged in such punitive and retaliatory tactics against pedagogues who choose to bring litigation against it. In *Klein v. NYCDOE,* Index No.

Thank you for a consideration of this request for a stay of Section 3020-a disciplinary charges, or in the alternative, a conference to discuss a request for stay of these charges.

Respectfully submitted,

Bryan D. Glass, Esq.

Enclosures

c: Larry Martinez, Assistant Corporation Counsel, Attorney for Defendants

---

108885/10 (Supreme Court, New York County), an assistant principal commenced an Article 78 proceeding seeking to reverse an Unsatisfactory rating. Just before the case was to be heard by a New York State Supreme Court Judge, the DOE suddenly preferred charges against Ms. Klein in the middle of the school year, which caused her to resign rather than face an extremely high risk of termination in a Section 3020-a proceeding.