## GLASS KRAKOWER LLP
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
11 PENN PLAZA, 5TH FLOOR
NEW YORK, NY 10001

20 BROADWAY, SUITE 1　　　　　　　　　　　　　　　　　　　　　　169 SOUTH MAIN STREET, # 321
VALHALLA, NY 10595　　　　　　　　　　　　　　　　　　　　　　　NEW CITY, NY 10956

212-537-6859
914-831-1386
FAX NO. 845-510-2219

*Bryan D. Glass*　　　　　　　　E-mail: bg@glasskrakower.com
　Partner

February 27, 2011

*Via ECF*
Honorable Jack Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

　　　　　　　　　　Re:　**Sheryl Abramson v. City of New York, NYCDOE,
　　　　　　　　　　　　Denise D'Anna, Annette Beale, and Sharon Izzo**
　　　　　　　　　　　　Reply Letter
　　　　　　　　　　　　10 CV 3942 (JBW) (RLM)

Dear Judge Weinstein:

　　　　This firm represents Plaintiff Sheryl Abramson in the above-referenced matter. We write in brief reply to the opposition letter of Defendants, dated February 24, 2011, and in further support of a pre-motion conference for a stay or injunction of Section 3020-a disciplinary charges against Plaintiff or, in the alternative, leave to file a motion for summary judgment on Plaintiff's retaliation claim.

　　　　What is particularly revealing from the Defendants' response is the lack of any explanation as to the timing of the instant disciplinary charges and why they are suddenly being brought at this juncture. They provide nothing that occurred in the last few months which warrant the immediate preferral of disciplinary charges, other than the fact of Plaintiff pursuing the instant litigation against them. This type of tactic to bring Section 3020-a charges seeking immediate termination against Plaintiffs who sue them on statutorily protected claims is not only clear retaliation in violation of Title VII, but also a violation of the Plaintiff's First Amendment right to sue. *See, e.g., Cullen v. Fliegner*, 18 F.3d 96 (2d Cir. 1994) (affirming district court order permanently enjoining Section 3020-a charges by school district against teacher as violation of teacher's First Amendment rights); *see also* "Lifting a veil on New York State's practice of billing psychiatric patients who sue," *New York Times*, 2/23/11, at A19 (discussing how Judge Robert Ward of the Southern District of New York has found the New York State's Office of Mental Health to violate plaintiffs' right to sue via selective enforcement by

1

automatically billing plaintiffs in full who sue the State in negligence for time spent in state custody upon filing of any such lawsuit, causing plaintiffs so much economic hardship upon filing of a lawsuit against it that it effectively defeats their right to sue).

Defendants also omit the fact that they are offering nothing more than the opportunity for Ms. Abramson to resign, despite 20+ years of Satisfactory service. Section 3020-a provides for a panoply of remedies against a tenured teacher, including a fine, suspension, remediation, or a letter of reprimand. Defendants refuse to compromise at all, seeking nothing less than Plaintiff's irrevocable resignation or termination, which is demonstrative of the punitive nature of a process that is designed solely to effect removal of teachers at all costs. Interestingly, Defendants offer nothing to rebut the statistical facts asserted regarding the success of the DOE's Teacher Performance Unit. They cite to a 2005 case, *Burkybile v. Board of Education*, 411 F.3d 306 (2d Cir. 2005), to suggest that the Section 3020-a process is fair, but the Section 3020-a process insofar as incompetency cases are processed has changed dramatically since then. Defendants have no answer to explain how a process can be fair that results in termination of 20+ year satisfactorily performing teachers in virtually every case.

It is interesting that Defendants focus on "scarce public resources" as the reason to bring these charges, which is clearly a subterfuge for age discrimination against senior teachers. It is indisputable that NYCDOE principals now have been given complete discretion and control over their budgets, and are incentivized to remove and terminate higher-priced senior teachers who count against their payroll. It is also indisputable that a teacher no longer has any contractual remedy to defend herself against U rated observations and remove such a letter from her personnel file (no matter whether truthful or not), other than submit a rebuttal letter to her file (which the DOE often uses against the teacher to write the next U-rated lesson against the teacher). In any event, the DOE's lack of consequence in blatantly mischaracterizing a teacher's performance is apparent in Defendants' response letter itself—*i.e.*, Defendants claim that Plaintiff has been incessantly absent, failed to complete daily assessment logs, and *refused* to prepare lesson plans. While these defamatory assertions can be easily disproven, these lies are virtually certain to be ignored or forgiven in the forums the DOE has set up to provide so-called "due process" to a teacher (including the Section 3020-a "TPU" process and U-rating appeal process that, upon information and belief, *never* is found in the teacher's favor by the Chancellor).

Based on the above, it is apparent that absent an immediate stay of prosecution of the Section 3020-a disciplinary charges imposed by this Court, Plaintiff now seeks imminent and sudden loss of employment as a result of bringing this lawsuit. In fact, she received the disciplinary Section 3020-a charges from the Teacher Performance Unit on or about February 16 2011, and has been advised that her Section 3020-a disciplinary case will begin no later than March 4, 2011 (see attached notice of charges and letter). If she elects to proceed to hearing (rather than irrevocably resign her employment), she will face approximately 14 hearing days in March and April 2011 (which cannot be adjourned), after which she can expect a decision of likely termination by a hearing officer in June 2011. **As confirmed by her union-assigned lawyer last week, she has no other choice but to resign her employment irrevocably or face a trial that is likely to result in termination commencing as early as March 4, 2011.**

Based on the above, and the original letter, thank you again for Your Honor's consideration of this request for a stay of Section 3020-a disciplinary charges, or in the alternative, a conference to discuss a request for stay of these charges and/or a motion for summary judgment on the retaliation claims.

Respectfully submitted,

Bryan D. Glass, Esq.

c: Larry Martinez, Assistant Corporation Counsel, Attorney for Defendants